***NOTE: FILED IN C-07-2644-CW per order #5 in C-07-4286-CW***

MC-275

Name JEFF HANCOCK

Address P.O. BOX 8101 A-1139X

CALIFORNIA MEN'S COLONY - EAST

SAN LUIS OBISPO, CA 93409-8101

CDC or ID Number V-49474

SUPREME COURT
FILED
MAR 12 2007
Frederick K. Ohlrich Clerk
Deputy

FILED
AUG 2 0 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA
SUPREME COURT
(Court)

E-filing

| JEFF HANCOCK |
| --- |
| Petitioner |
| vs. |
| JOHN MARSHALL, Warden |
| Respondent |

PETITION FOR WRIT OF HABEAS CORPUS

No. S150880
(To be supplied by the Clerk of the Court)

C 07 4286 CW (PR)

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**
- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the Judicial Council of California MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Page one of six

Penal Code, § 1473 et seq.; Cal. Rules of Court, rule 60(a)

American LegalNet, Inc. www.USCourtForms.com

32

EXHIBIT Y

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes. If yes, continue with number 13. [ ] No. If no, skip to number 15.

13. a. (1) Name of court: COURT OF APPEAL, SIXTH APPELLATE DISTRICT

(2) Nature of proceeding (for example, "habeas corpus petition"): COMPANION HABEAS TO DIRECT APPEAL

(3) Issues raised: (a) IMPROPER FLIGHT INSTRUCTIONS GIVEN TO JURY

(b) INEFFECTIVE ASSISTANCE OF COUNSEL: FAILURE TO INVESTIGATE

(4) Result *(Attach order or explain why unavailable)*: CONVICTION AND SENTENCE AFFIRMED

(5) Date of decision: MARCH 24, 2006

b. (1) Name of court: CALIFORNIA SUPREME COURT

(2) Nature of proceeding: PETITION FOR REVIEW AND COMPANION HABEAS CORPUS PETITION

(3) Issues raised: (a) INEFFECTIVE ASSISTANCE OF COUNSEL: FAILURE TO INVESTIGATE

(b)

(4) Result *(Attach order or explain why unavailable)*: DENIED

(5) Date of decision: JULY 19, 2006

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
THERE HAS BEEN NO DELAY IN PRESENTING THIS HABEAS CORPUS PETITION

16. Are you presently represented by counsel? [ ] Yes. [X] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? [ ] Yes. [X] No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
THE SUPREME COURT HAS JURISDICTION FOR FEDERAL EXHAUSTION PURPOSES

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 3/7/07

[signature]
(SIGNATURE OF PETITIONER)

Executed at California Men's Colony, San Luis Obispo, CA. 93409-8101

EXHIBIT 3

SUPREME COURT COPY

MC-275

SUPREME COURT
FILED
APR 19 2007
Frederick K. Ohlrich Clerk
DEPUTY

Name Jeff Hancock
Address P.O. Box 8101 A-1144X
California Mens Colony-East
San Luis Obispo, CA 93409-8101

CDC or ID Number V-49474

State Of California
Supreme Court
(Court)

| | |
|---|---|
| Jeff Hancock<br>Petitioner<br>vs.<br>John Marshall, Warden<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br>No. S151947<br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**
- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the Judicial Council of California MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.; Cal. Rules of Court, rule 60(a)

American LegalNet, Inc. www.USCourtForms.com

33

Exhibit C

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes. If yes, continue with number 13. [ ] No. If no, skip to number 15.

13. a. (1) Name of court: Court of Appeal, Sixth Appellate District

(2) Nature of proceeding (for example, "habeas corpus petition"): Companion Habeas to Direct Appeal

(3) Issues raised: (a) Ineffective Assistance of Counsel: Failure to

(b) Investigate and use Medical Records as possible defense

(4) Result *(Attach order or explain why unavailable)*: Conviction and Sentence Affirmed

(5) Date of decision: March 24, 2006

b. (1) Name of court: California Supreme Court

(2) Nature of proceeding: Petition for Review and Companion Habeas Petition

(3) Issues raised: (a) Ineffective Assistance of Counsel: Failure to

(b) Investigate and use Medical Records and History

(4) Result *(Attach order or explain why unavailable)*: Denied

(5) Date of decision: July 19, 2006

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

There is no delay in presenting this Habeas Corpus Petition

16. Are you presently represented by counsel? [ ] Yes. [X] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? [ ] Yes. [X] No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

The Supreme Court has jurisdiction for federal exhaustion purposes

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 4/13/07

[signature]
(SIGNATURE OF PETITIONER)

Exhibit 7

Law Offices of Candace Hale
P.O. Box 775
San Anselmo CA 94979-0775
(415) 460-5428

**CONFIDENTIAL LEGAL MAIL**
Mr. Jeff Hancock V-49474
California Men's Colony
P.O. Box 8101
San Luis Obispo CA 93409-8101

January 16, 2007

Re: *People v. Jeff Hancock*, No. H029763

Dear Mr. Hancock:

I received the letter you sent through Mr. Moore, the letter you sent through SDAP, and a call from your mother. I hope by now she has told you that the California Supreme Court denied your petition for review from the habeas petition on July 19, 2006. That gives you ONE YEAR from then to **file a habeas petition in the federal court, or until July 18, 2007.** The date I gave you in my August letter appears to be incorrect, and the June date she mentioned stems from **denial of the Petition for Review from the appeal itself. The date of that denial was June 14, 2006, and you have one year and 90 days from that date to seek federal review, making the final filing date September 12, 2007 — but I advise you to ignore this date and forget about seeking review of the appellate decision itself. The appellate claim was only a way to give me time to get your habeas petition on** file. So please do not be confused: **I think you have a strong IAC claim in the habeas petition, and that claim needs to be filed in the federal court by July 18, 2007, at the latest.**

You can, if you feel strongly, add claims to the one I briefed by raising them in another habeas petition and taking that through the state courts. Any time you spend exhausting claims in state court stops the clock from running — in other words, if you file a habeas petition on January 1 and the court does not issue a decision until July 1, you can add the six months the petition was pending to your year -- - and your federal petition would be due on December 18, 2007. All time you have a state petition pending stops the clock. You are also allowed a "reasonable" amount of time between receiving one decision and filing in the next court - that amount of time will also be added to your initial year. Unfortunately, I can't tell you exactly what a "reasonable amount of time" is -- but I would think if you can re-file within a month or so, you should be safe.

As I said in my letter of August 11, 2006, I were you, I would focus on the denial of the state habeas corpus, for which the appeal was pretty much a place holder. I have federalized all your arguments; consequently, you should be able to fill out the federal habeas forms and attach copies of the briefs (the Petition for Review would suffice) and be covered. You should, of course, request counsel, citing your brain injury, and maybe

Exhibit 0

even copying the relevant parts of the expert's declaration and attaching them. The federal court is pretty sparing of its appointments, but your neurological history may provide you with some extra ammunition. You do not need to do anything more in state court unless you feel very strongly about claims that I did not raise.

As I also explained, you only have one chance at a federal petition. Any claims you want to raise need to have been "exhausted" through the state courts. Accordingly, if there are claims you feel are very important, you need to exhaust them by filing them in a habeas petition that -- at a minimum -- you submit to the California Supreme Court. You can also, if you choose, start the habeas at the Superior Court level, then file again in the Court of Appeal (assuming you don't win below), then in the California Supreme Court if you lose at the Superior Court level. It is up to you.

Obviously taking a claim through the state courts will take time. You may want to think carefully if you really think you can make out a strong case -- otherwise, you might want to simply go forward with a federal petition based on the already exhausted state court habeas petition I filed on your behalf.

You asked for a copy of your opening brief, and I enclose it, but I would advise you not to use the claim in it in a federal petition -- the only reason I filed the appellate brief was to "hold space" for the habeas petition. I do not consider it to be a very strong or convincing claim, and I do not think you should waste your time on it.

You asked for transcripts of your police interview. Those were not included in the appellate record, and accordingly, I never had copies of them. Anything I had has now been mailed to you, at your request.

Good luck!

Sincerely,

Candace Hale

Candace Hale

Enclosure

Exhibit I

Jeff Hancock, V-49474
California Men's Colony State Prison
P.O. Box 8101
San Luis Obispo, California 93409

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF HANCOCK v. JOHN MARSHALL

MOTION FOR STAY AND ABEYANCE PENDING EXHAUSTION

As Petitioner was preparing his federal papers some additional claims came to his attention that he believes were not raised properly during his Direct Appeal and his Petition for Review. Petitioner subsequently filed for habeas corpus relief in the California Supreme Court, Case No. S150880 and S151947 (pgs. 32,33). These matters are still currently pending and petitioner is requesting the U.S. District Court for the Northern District of California to "Stay and Abey" proceedings so that the aforementioned matters can be combined with petitioner's already exhausted claim, S143150 (Exhibit J., Ground 7). Fetterly v. Paskett, 997 F.2d. 1295, 1301-1302 (9th. Cir. 1993)

Respectfully submitted,

Jeff Hancock, Petitioner

5/3/07
Date

Exhibit 10

FILED
MAY 24 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFF JAY HANCOCK,

Petitioner,

v.

JOHN MARSHALL, Warden,

Respondent.

_______________________________/

No. C 07-02644 CW (PR)

ORDER OF DISMISSAL

Petitioner, a state prisoner, filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He states that his state habeas petitions are still pending before the California Supreme Court.

The California Supreme Court's official website shows that Petitioner's state habeas petitions were filed on March 12, 2007 and April 19, 2007, and that there has not been any final decision from the California Supreme Court. See Hancock (Jeff) on H.C., Cal. S. Ct. No. S150880; Hancock (Jeff) on H.C., Cal. S. Ct. No. S151947.

The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction

MAY 24 2007

United States District Court
For the Northern District of California

Exhibit 11

proceeding in state court. See 28 U.S.C. § 2254(b)-(c); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge to a criminal conviction is pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted. See id. Moreover, the rule in Sherwood applies whether or not the issue raised in the pending state petition is included in the federal petition, see id., for the reason that a pending state court challenge may result in the reversal of the petitioner's conviction, thereby mooting the federal petition. See id. (citations omitted).

As Petitioner has two petitions currently pending in the California Supreme Court, the instant petition for a writ of habeas corpus is DISMISSED without prejudice to refiling once all state court post-conviction challenges to Petitioner's conviction have been completed, and all claims Petitioner wishes to raise in federal court have been presented to the Supreme Court of California. See 28 U.S.C. § 2254(b)-(c); Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

The Clerk of the Court shall enter judgment and close the file. No filing fee is due.

IT IS SO ORDERED.

Dated: MAY 24 2007

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

Exhibit 12

**S150880**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re JEFF HANCOCK on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Clark* (1993) 5 Cal.4th 750.)

Werdegar, J., was absent and did not participate.

SUPREME COURT
FILED

JUL 25 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

Exhibit 13

**S151947**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re JEFF HANCOCK on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Clark* (1993) 5 Cal.4th 750.)

Werdegar, J., was absent and did not participate.

SUPREME COURT
FILED

JUL 2 5 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

Exhibit 14 LU

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

INSTRUCTIONS: A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

None

1. Barrier Free/Wheelchair Access P / T ______
2. Ground Floor Cell P / T ______
3. Continuous Powered Generator P / T ______
4. Bottom Bunk P / T ______
5. Single Cell (See 128-C date: ______ ) P / T ______
6. Permanent OHU / CTC (circle one) P / T ______
7. Other ______ P / T ______

## B. MEDICAL EQUIPMENT/SUPPLIES

None

8. Limb Prosthesis P / T ______
9. Brace P / T ______
10. Crutches P / T ______
11. Cane: (type) ______ P / T ______
12. Walker P / T ______
13. Dressing/Catheter/Colostomy Supplies P / T ______
14. Shoe: (specify) ______ P / T ______
15. Dialysis Peritoneal P / T ______
16. Wheelchair: (type) ______ P / T ______
17. Contact Lens(es) & Supplies P / T ______
18. Hearing Aid P / T ______
19. Special Garment: (specify) ______ P / T ______
20. Rx. Glasses: ______ P / T ______
21. Cotton Bedding P / T ______
22. Extra Mattress P / T ______
23. Other ______ P / T ______

## C. OTHER

None

24. Attendant to assist with meal access and other movement inside the institution. P / T ______

Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene.

25. Wheelchair Accessible Table P / T ______
26. Therapeutic Diet: (specify) ______ P / T ______
27. Communication Assistance P / T ______
28. Transport Vehicle with Lift P / T ______
29. Short Beard P / T ______
30. Other Cell Living D/T medical condition P / T ______

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments? ☐ Yes ☐ No

If yes, specify: Cerebellum Atrophy with Dysequilibrium.

| INSTITUTION: CCC | COMPLETED BY (PRINT NAME): Wong MD | TITLE: Physician |
|---|---|---|
| SIGNATURE: [signature] | DATE: 9/2/05 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH: Hancock V49474. |
| HCM/CMO SIGNATURE: [signature] | DATE: 9/19/05 | |
| APPROVED (list the number of items approved): 30 | | |
| DENIED (list the number of items denied) | | |

COMPREHENSIVE ACCOMMODATION CHRONO

CDC 7410 (08/04)

Distribution: Original - Unit Health Record Canary - Central File Pink - Correctional Counselor Gold - Inmate

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region — Log No. — Category

1. ______ 1. ______

2. ______ 2. ______

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Hancock | V-49474 | Ad Seg MHTP | 110-103L |

A. Describe Problem: On 1/13/07 I requested legal papers from Property c/o Achy in Ad Seg. The reason for the request was so I could properly prepare to reply to a pending ADA appeal. On 7/17/07 c/o Achy handed my request back to me stating "I can't find your property." I was forced to file an ADA response to Sacramento. I have two pending Calif. Supreme Court cases and an I.C.C. hearing dealing with medical issues. The ADA appeal has already been compromised. (see attachment)

If you need more space, attach one additional sheet.

B. Action Requested: I'd like a written acknowledgment by staff that I've not been able to obtain my legal material in my property nor go to the law library since 6/15/07. I'd like financial compensation for any harm this incident causes my pending ...

Inmate/Parolee Signature: [signature] Date Submitted: 7/17/07

C. INFORMAL LEVEL (Date Received: ______)

Staff Response: ______

Staff Signature: ______ Date Returned to Inmate: ______

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

P/N Exhibit 16

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (REV 10/98)
Reading level: ABOVE 4.0
CCCMS: NO

DEPARTMENT OF CORRECTIONS

| Distribution: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE | PINK - HEALTH |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| HANCOCK, J. | V-49474 |

## REASONS FOR PLACEMENT (*PART A*)

- [X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [X] ENDANGERS INSTITUTION SECURITY
- [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On 7/10/06, at approximately 1500 hours, You are being removed from the Facility III general population and being placed into Administrative Segregation. Specifically, on 7/10/06, at 1300 hours, you approached Building 17 staff with injuries consistent with being victim of battery by an unknown assailant. Based on the aforementioned, you are deemed a threat to the safety and security of the institution, its staff and inmates. Your custody level is being increased to Max-A to facilitate this placement. You will remain in Ad/Seg pending Administration Review for appropriate program and housing placement. The attached 7219 Medical Report reflects medical clearance for placement in Ad/Seg.

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 7/10/06 | HUSER, D. | [signature] | CORR LT. |

| DATE NOTICED SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFFS TITLE |
|---|---|---|---|---|
| 7/10/06 | 1510 | FERNANDEZ, R. | [signature] | SGT. |

| INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| [ ] | [signature] | V-49474 |

## ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| Staff assistants name | TITLE | INVESTIGATIVE EMPLOYEES NAME | TITLE |
| | | | |

IS THIS INMATE:

- LITERATE [ ] YES [ ] NO
- FLUENT IN ENGLISH? [ ] YES [ ] NO
- ABLE TO COMPREHEND ISSUES? [ ] YES [ ] NO
- FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS [ ] YES [ ] NO
- DECLINING FIRST STAFF ASSISTANT ASSIGNED? [ ] YES

Any "NO" requires SA assignment

[ ] NOT ASSIGNED

- EVIDENCE COLLECTION BY IE UNNECESSARY [ ] YES [ ] NO
- DECLINED ANY INVESTIGATIVE EMPLOYEE [ ] YES [ ] NO
- ASU PLACEMENT IS FOR DISCIPLINARY REASONS [ ] YES [ ] NO
- DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED [ ] YES [ ] NO

Any "NO" may require IE assignment

[ ] NOT ASSIGNED

### INMATE WAIVERS

- [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER
- [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
- [ ] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | DATE |
|---|---|
| | |

### WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
| | | | |

DECISION: [ ] RELEASE TO UNIT/FACILITY [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| N.L. FRY | CAPT. | 2006 | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (IF NEEDED) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (IF NECESSARY) | DATE OF REVIEW |
|---|---|---|
| | | |

**See Chronological Classification Review document (CDC 128-G) for specific hearing information**

Exhibit 17

involving a left basilar skull fracture, a left facial laceration, and a bifrontal brain contusion." [SEE Exhibit-B attached].

7. Elsewhere in the records reviewed, Mr. Hancock's condition was described following a CT scan of his brain: "Scans of the brain demonstrate a low density area in the left frontal region with central tissue nodule. The appearance is consistent with a neoplasm and surrounding edema. . . Stable area of edema and likely tumor nodule in the left frontal region." [SEE Exhibit-C attached].

8. Mr. Hancock also has a notable psychiatric history; one marked by the presentation of symptoms of severe mental illness and/or a severe compromise in his mental status. In fact, the records reviewed find that Mr. Hancock's condition has presented as so impaired, that he has required involuntary psychiatric commitment. His condition has been described as:

> "He is disoriented and delusional. He has been hallucinating. He demonstrates very impaired judgment and poor impulse control. He is definitely a danger to himself. . . . He has had seizures recently. He has a history of brain injury and of alcohol abuse as well as exhibiting a serious psychiatric disorder." [SEE Exhibit-D attached]

9. Review of the records provided finds that Mr. Hancock had a seizure shortly after his arrest. He was admitted to the Santa Clara Valley Health & Hospital System when on 9 Aug. 2003 at 1100 hrs. [Only hours after his arrest and 3 days prior to his statement to Officer Anderson] he was described as having the following symptoms: "anxiety, insomnia, nausea, tremulousness, tremors, apprehension, and seizure disorder." [SEE Exhibit-E attached]

Superior Court of California, Santa Clara County, Court of Appeal
Case No. H027917 [Sup. Crt. No. EE302496] 10/17/2005

DECLARATION of John D. Shields, Ph.D., ABPP - 4 -

.esis East Letterhead Exhibit 18 BY: JAM
.ATIENT .NAME:HANCOCK,JEFFERY
D:08/31/99 14:05 T:08/31/99 15:10

August 31, 1999

Scott County Clerk of Court
Davenport, Iowa

RE: Hancock, Jeffery
DATE SEEN: 08/31/99
DATE OF BIRTH: 11/02/58
AGE: 40 years.

Dear Sir or Madam:

I am writing to request involuntary psychiatric commitment for Jeffery Hancock. I evaluated him at Genesis Medical Center West Campus emergency department today. He is disoriented and delusional. He has been hallucinating. He demonstrates very impaired judgment and poor impulse control. He is definitely a danger to himself. He has done such things as undressing in public, approaching strangers at a restaurant and drinking their water, and expressing the delusion that they are friends. He has a seizure disorder. He has not been taking his medication. He has had seizures recently. He has a history of a brain injury and of alcohol abuse as well as exhibiting a serious psychiatric disorder. He is very restless and tremulous.

He has no family or friends nearby to look after him. His mother lives in California and has expressed the intention of coming to get him to take him home; but, in the meantime, Mr. Hancock needs to be somewhere where he can be kept safe.

Sincerely,

Michael A. Cronkleton, MD

D: 08/31/99 2:05 P
T: 08/31/99 3:10 P
jam JOB NO.: 45095
cc:
Authenticated by Michael A. Cronkleton, MD On 09-21-1999 at 3:29 pm

PRINTED BY: NORKUS
DATE 01/31/2005

EXHIBIT J

Court of Appeal, Sixth Appellate District - No. H029763
**S143150**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re JEFF HANCOCK on Habeas Corpus

---

Petition for review DENIED.

SUPREME COURT
FILED

JUL 1 9 2006

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

Chief Justice

Reception datus of denial notification

AVENAL STATE PRISON
PO BOX 8
AVENAL, CA 93204

S150880
JEFF HANCOCK V-49474

AVE

LEGAL MAIL
AUG 2 2007
AVENAL STATE PRISON
MAILROOM

140-13L

Court of California
ourt
Street
, CA 94102-4797

Supreme Court of California
Clerk of the Court
350 McAllister Street
San Francisco, CA 94102-4797

140-13L V 49474

Hancock

S151947
JEFF HANCOCK V-49474

M.O.

LEGAL MAIL
JUL 31 2007
AVENAL STATE PRISON
MAILROOM

AVENAL STATE PRISON
PO BOX 8
AVENAL, CA 93204

93204$0008 B001

# PROOF OF SERVICE BY MAIL

**I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT:**

**ENTITLED:** Notification to Clerk/Court Northern District 450 Golden Gate Ave, San Francisco

**BY PLACING THE SAME IN AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER, AND DEPOSITING IT IN THE [ *UNITED STATES MAIL* ] AT AVENAL STATE PRISON AND ADDRESSEDIT TO THE FOLLOWING:** Office of the Clerk, U.S. District Court, Northern District of California 450 Golden Gate Avenue Box 36060 San Francisco, CA 94102

**EXECUTED ON ______________, _____, 20 _____ AT AVENAL STATE PRISON, AVENAL CALIFORNIA**

**I, ____________________ DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.**

____________________
**SIGNITURE OF DECLARANT**

____________________
**PRINT NAME OF DECLARANT**

**PRO PER.**